## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| HENRY KAMPHAUS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CASEY'S GENERAL STORES, INC. an Iowa corporation,<br><br>Defendant. | CIVIL ACTION NO. 4:16-cv-58<br><br>CLASS ACTION COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff Henry Kamphaus ("Plaintiff" or "Kamphaus") brings this class action complaint against Defendant Casey's General Stores, Inc. ("Defendant" or "Casey's") to obtain redress for, and to put an end to, Defendant's violations of the Fair Credit Reporting Act, ("FCRA" or "Act"), specifically its failure to provide proper notices and documents to its job applicants and employees before taking adverse action against them. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1. Enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, the FCRA explicitly acts to protect both applicants for employment and existing employees from adverse employment action taken as a result of potentially inaccurate or immaterial information. To that end, employers who obtain and use consumer reports to take adverse action against their applicants and employees (such as to

1

fire employees or to decide not hire applicants) are required to provide copies of the reports obtained and a summary of rights under the Act *prior* to taking any adverse employment action against them based on information contained in such reports.

2. Here, Defendant willfully violates the FCRA by failing to provide its applicants and employees copies of such reports and the required summaries of their FCRA rights before taking adverse action against them.

3. Defendant has willfully violated the FCRA by procuring background checks and consumer reports about its job applicants and employees without providing such applicants and employees with copies of the reports and a summary of their FCRA rights before taking adverse action against them. Instead, Defendant takes adverse action against applicants and employees based on the consumer reports it obtains about them—including firing its employees—before providing the applicants or employees with any mandated "pre-adverse action" notice, copy of the background check/consumer report, or summary of rights as required under the FCRA.

4. Defendant does not provide any pre-adverse action notice at all and fails to provide employees with any copies of the reports and/or summary of rights before taking adverse action against them, such as deciding not to hire the applicant (or to fire the employee). As such, Defendant serially violates the FCRA.

5. As a result of Defendant's willful violations of the FCRA, employees and applicants such as Plaintiff Kamphaus are deprived of rights, including privacy rights guaranteed to them by federal law, and are thus entitled to statutory damages of at least $100 and not more than $1,000 for each violation. *See* 15 U.S.C. § 1681n(a)(1)(A).

**PARTIES**

6. Plaintiff Henry Kamphaus is a natural person and citizen of the State of Nebraska.

He resides in Norfolk, Nebraska.

7. Defendant Casey's General Stores, Inc. is a corporation organized and existing under the laws of the State of Iowa with its principal place of business located at 1 SE Convenience Blvd, Ankeny, Iowa 50021.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, which is a federal statute. Furthermore, jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.* because the class each consist of over 100 people, at least one member of each class is from a State other than Iowa (the state of Defendant), and the amounts in controversy are over $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

9. This Court has personal jurisdiction over Defendant because it conducts business in this District, is headquartered and registered to do business in this District, and the unlawful conduct alleged in the Complaint emanated from this District.

10. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is headquartered in this District, and Plaintiff's claims arose in substantial part out of corporate actions and policies that were decided upon within this District and which have emanated from this District.

## FACTS COMMON TO PLAINTIFF AND ALL COUNTS

11. Casey's is a publicly owned convenience store chain based in Ankeny, Iowa, with locations in Iowa, Illinois, Indiana, Missouri, South Dakota, North Dakota, Minnesota, Kansas, Oklahoma, and Nebraska.

12. Casey's employs more than 31,000 people in a variety of positions across numerous areas of the Company.

13. In or around May 2015, Plaintiff Kamphaus applied for a job with Casey's in Norfolk, Nebraska.

14. Shortly after applying, Plaintiff was hired by Casey's and he began work. This job was not one regulated by the Department of Transportation.

15. Plaintiff worked for several months at Casey's.

16. However, in October 2015, Plaintiff arrived for work as scheduled only to be told by the store manager, Sarah Schoebf, to report to the manager's office.

17. There, Plaintiff was informed by Schoebf that Casey's had procured a background check about Plaintiff and that it appeared, based on information contained in the background check report, that Plaintiff had neglected to disclose a prior conviction on his original application. While in the manager's office, Schoebf's supervisor, Christina, spoke with Plaintiff on the telephone. Christina informed Plaintiff that he was being let go because of the background check information.

18. Plaintiff was not provided any pre-adverse action notice and was not provided a copy of the consumer report/background check or a summary of his FCRA rights before being told he was being fired.

19. In fact, Plaintiff has **never** received such documents.

20. Simply put, Casey's skipped the pre-adverse action step entirely and failed to send Kamphaus a copy of his consumer report/background check and a summary of FCRA rights prior to taking adverse action against him.

...

21. As the FTC has made clear, applicants and employees are supposed to have the opportunity to review the background check/consumer report together with a summary of FCRA rights and discuss the report with their prospective employer <u>before</u> losing out on a job because of information contained in the report. The FTC has ruled that in general an employer should wait at least five (5) business days following the notice to the applicant or employee of the anticipated adverse action—together with a copy of the report and a summary of the applicant/employees' FCRA rights—before actually taking the adverse action. This notice advises the applicant or employee of their ability to discuss the report with their employer. (*See, e.g.*, FTC Advisory Opinion to Weisberg, available at http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-weisberg-06-27-97.)

22. Because of Defendant's failure to send pre-adverse action notices along with a copy of the consumer report and a summary of FCRA rights, Defendant has willfully denied Plaintiff the rights guaranteed to him by the FCRA. Such violations entitle him, and others similarly situated, to statutory damages of not less than $100 and not more than $1,000 for each violation.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure Rule 23(b)(3) on behalf of himself and a nationwide Class defined as follows:

> **Pre-Adverse Action Class**: All persons in the United States who (1) were subject to adverse employment action on or after March 2, 2014 based in whole or in part on any consumer report procured by Defendant; and (2) who, like Plaintiff, did not receive a copy of the report Defendant procured and a summary of rights before Defendant took adverse action against them.

Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and

those entities' current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, and (5) the legal representatives, successors, and assigns of any such excluded person.

24. **Numerosity**: The exact number of the members of the Class is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has over 30,000 employees and a potentially even greater number of job applicants. Further, the Class members can readily be ascertained through Defendant's records.

25. **Commonality**: Common questions of law and fact exist as to all members of the Class for which this proceeding will provide common answers in a single stroke based upon common evidence, including:

(a) Whether Defendant's conduct described herein violated the FCRA;

(b) Whether Defendant has procured or caused to be procured consumer reports to investigate prospective employees;

(c) Whether Defendant has acted willfully;

(d) Whether Defendant has failed to provide a pre-adverse action notice, copy of the consumer report, and a summary of FCRA rights to applicants and employees prior to taking adverse action and, if so, whether such policies and procedures violate the FCRA; and

(e) The proper measure of statutory damages and the availability and appropriateness of declaratory and injunctive relief.

26. **Typicality**: As a result of Defendant's uniform conduct, Plaintiff and the Class members suffered the same injury and similar damages. Thus, Plaintiff's claims are typical of the claims of the other Class members.

27. **Adequate Representation**: Plaintiff is a member of the Class and both he and his counsel will fairly and adequately represent and protect the interests of the Class, as neither has interests adverse to those of the Class members and Defendant has no defenses unique to Plaintiff. In addition, Plaintiff has retained counsel competent and experienced in complex litigation and class actions. Further, Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and they have the financial resources to do so.

28. **Predominance:** The common questions of law and fact set forth above go to the very heart of the controversy and predominate over any supposed individualized questions. Irrespective of any given Class member's situation, the answer to whether Defendant's failure to provide pre-adverse action notices is unlawful is the same for everyone— a resounding "yes"— and they will be proven using common evidence.

29. **Superiority and Manageability**: A class action is superior to all other methods of adjudicating the controversy. Joinder of all class members is impractical, and the damages suffered by/available to the individual Class members will likely be small relative to the cost associated with prosecuting an action. Thus, the expense of litigating an individual action will likely prohibit the Class members from obtaining effective relief for Defendant's misconduct. In addition, there are numerous common factual and legal questions that could result in inconsistent verdicts should there be several successive trials. In contrast, a class action will present far fewer

management difficulties, as it will increase efficiency and decrease expense. Further, class-wide adjudication will also ensure a uniform decision for the Class members.

30.   Plaintiff reserves the right to revise the definition of the Class as necessary based upon information obtained in discovery.

## COUNT I
### Violation of 15 U.S.C. § 1681b(b)(3)
### (On Behalf of Plaintiff and the Pre-Adverse Action Class)

31.   Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32.   The FCRA provides that:

(3) Conditions on use for adverse actions.

(A) In General. Except as provided in subparagraph (b), in using a consumer report for employment purposes, *before* taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—

(i)   a copy of the report; and
(ii)  a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

*See* 15 U.S.C. 1681b(b)(3) (Emphasis added).

33.   The FCRA defines adverse action as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

34.   Defendant violated Section 1681b(b)(3)(A) of the FCRA by failing to provide Plaintiff and members of the Pre-Adverse Action Class with a copy of their consumer reports and/or summaries of their rights under the FCRA before taking adverse employment action against them. Instead, Defendant fails to send such reports and summaries at all.

35. Defendant obtained a consumer report about Plaintiff for employment purposes. Based in whole or in part on information contained within Plaintiff's consumer report, Defendant terminated Plaintiff—an adverse employment action.

36. In contravention of the FCRA, Defendant willfully failed to provide Plaintiff with his consumer report/background check and the required written summary of his FCRA rights before taking such adverse action.

37. Such conduct violates the FCRA. Further, Defendant's violations of 15 U.S.C. § 1681b(b)(3)(A) were willful. The rule that a copy of the report relied upon and a summary of FCRA rights must be sent to a person against whom an employer intends to take adverse action before such adverse action is taken is well established. Defendant is a large and sophisticated corporation that has retained lawyers on staff and regularly engages counsel—it has ample means and opportunity to seek legal advice regarding their FCRA responsibilities. Further, there is a glut of judicial and administrative guidance—dating back to the 1990s—regarding a corporation's FCRA responsibilities. As a consequence of such readily available guidance, Defendant either were aware of its responsibilities or should have been aware of its responsibilities but violated the FCRA anyway.

38. Plaintiff and the Pre-Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

39. Accordingly, under the FCRA, Plaintiff and the Pre-Adverse Action Class seek statutory damages, and reasonable cost and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Henry Kamphaus, individually and on behalf of the Class, respectfully requests that this Court issue an order of judgment:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Henry Kamphaus as class representative and appointing his counsel as class counsel;

B. Declaring that Defendant's actions, as set out above, constitute violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

C. Declaring that Defendant's practice of not providing a copy of the consumer report relied upon and a summary of FCRA rights constitutes a violation of the FCRA;

D. Awarding damages, including statutory and treble damages where applicable, to Plaintiff and the Class in amounts to be determined at trial;

E. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiff and the Class pre- and post- judgment interest, to the extent allowable;

G. Providing such other injunctive and/or declaratory relief as necessary to protect the interests of Plaintiff and the Class; and

H. Such further and other relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: March 2, 2016

By: */s/*Samuel Z. Marks
Samuel Z. Marks, Esq.
Attorney I.D. # IS9998821
Marks Law Firm, P.C.
4225 University Ave.
Des Moines, IA 50311
Telephone: (515) 276-7211
Facsimile: (515) 276-6280
Email: sam@markslawdm.com

By: s/Steven L. Woodrow
Steven L. Woodrow
Attorney I.D. #:43140
swoodrow@woodrowpeluso.com*
Patrick H. Peluso
Attorney I.D. #: 47642
ppeluso@woodrowpeluso.com*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
*Counsel for Plaintiff and the Putative Class*

**pro hac vice* admission to be filed*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | ❏ 791 Employee Retirement Income Security Act | | ❏ 895 Freedom of Information Act |
| | | | | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Statutory

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.